IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL D. NIEMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3201 |
| | ) | |
| v. | ) | |
| | ) | |
| STORE KRAFT | ) | **MEMORANDUM** |
| MANUFACTURING COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Daniel Niemeyer filed suit against Store Kraft Manufacturing Company in state court on August 26, 2009, seeking payment for benefits under Store Kraft's health care plan.  (Filing 1-2, Plaintiff's Complaint Attached to Notice of Removal.)  The complaint alleges that Niemeyer's spouse was employed by Store Kraft; that Plaintiff was "previously covered under a health insurance policy through Defendant"; that when making a claim for medical benefits for Plaintiff's hospitalization and surgery in May 2009 under the Store Kraft health care plan, "Plaintiff learned that said health insurance policy had been canceled by Defendant [and] Plaintiff was not afforded notice by Defendant of its intention to cancel" the policy, thereby preventing Plaintiff from challenging the cancellation of the policy and from obtaining alternative coverage before the expiration of the Store Kraft policy.  (*Id.* ¶ 5.)  Plaintiff requests payment for medical expenses that should have been covered under Store Kraft's health care plan, costs, and attorney's fees.

Store Kraft removed Plaintiff's state-court action to this court on September 25, 2009, alleging that the self-funded employee health plan sponsored by Store Kraft is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and that ERISA preempts any state-law claims to recover benefits due under such plans.  (Filing 1.)

Store Kraft has filed a motion to dismiss (filing 7) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) asserting that Plaintiff's claims are preempted by ERISA, and that Plaintiff has failed to exhaust his administrative remedies before filing this lawsuit, as required by ERISA. Store Kraft requests that this matter be dismissed with prejudice and with an award of attorney's fees in its favor. In support of its motion to dismiss, Store Kraft has filed the summary plan description of the health care plan at issue, as well as an affidavit of Store Kraft's Director of Human Resources.[1] (Filing 9.) Plaintiff has not responded to the motion to dismiss.

According to the affidavit of Store Kraft's Director of Human Resources, the health insurance policy at issue in this lawsuit is a self-funded "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1). The plan explicitly identifies Store Kraft Manufacturing Company as the plan administrator "as that term is defined under ERISA." Further, the plan explains the "rights and protections" to which plan participants are entitled under ERISA, including the right to appeal the denial of a claim for benefits. (Filing 9-3, Aff. Kathryn G. Humble ¶ 2; Filing 9-4, Summary Plan Description, CM/ECF pp. 20, 23-24.)

The Store Kraft plan provides that if a participant receives "covered health services from a network provider," the plan pays the provider directly, and the participant need not file a claim. However, if a participant receives such services from a non-network provider, the participant must file a claim with the claims administrator. If benefits are denied, the plan requires that the denial be appealed—first to the claims administrator and then to the plan administrator—before legal action is brought. (Filing 9-4, at CM/ECF pp. 53-57, 78.)

---

[1] A federal district court has authority to consider matters outside the pleadings when subject-matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003).

Plaintiff alleges in his complaint that he "learned" that his health insurance policy had been cancelled "when making [a] claim for benefits" related to his 2009 hospitalization and surgery. (Filing 9-2 ¶ 6.) However, Store Kraft's Director of Human Resources has testified by affidavit that a review of Plaintiff's personnel file reveals that Plaintiff "never submitted a claim for coverage for his May 2009 hospitalization to the plan. He also has not filed an appeal of the cancellation or denial of benefits." (Filing 9-3, Aff. Kathryn G. Humble ¶ 4.) Plaintiff has submitted nothing to the court establishing that a claim for coverage was filed for his May 2009 hospitalization and surgery, that such a claim was denied, and that Plaintiff pursued appeals with the claims administrator and plan administrator, all of which are required by Store Kraft's plan in order to bring a legal action.

### *Preemption and Jurisdiction*

ERISA supersedes "any and all State laws[2] insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a), and ERISA specifically allows a civil action to be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). A state action "relates to" an employee benefit plan covered by ERISA if it has either "'a connection with'" or "'reference to such a plan.'" *Parkman v. Prudential Ins. Co.*, 439 F.3d 767, 771 (8th Cir. 2006) (quoting *California Div. of Labor Standards Enforcement v. Dillingham Constr., Inc.*, 519 U.S. 316, 324 (1997)).

Here, the plaintiff asserts a state-law contract claim for recovery of health insurance benefits under a plan which he alleges was cancelled without notice. The essence of the plaintiff's claim is that he did not receive insurance benefits to which he was entitled, a claim which can fairly be characterized as related to "the

---

[2]"State laws" for purposes of this provision include "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1).

3

administration of plan benefits." Such claims "fall within the scope of ERISA" and are therefore preempted by ERISA. *Parkman*, 439 F.3d at 771-72 (plaintiff's state-law fraud claim based on insurer's alleged mishandling of claim for benefits was preempted by ERISA because it related to administration of plan benefits). *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (ERISA preempted state common-law tort and contract action asserting improper processing of claim for benefits under insured employee benefit plan; "the express pre-emption provisions of ERISA are deliberately expansive"); *Hull v. Fallon*, 188 F.3d 939 (8th Cir. 1999) (state medical malpractice claim was completely preempted by ERISA when essence of claim rested on denial of benefits); *Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc.*, 999 F.2d 298, 302 (8th Cir. 1993) (because plaintiff's state-law claims for tortious interference with contractual relationship, medical malpractice, and breach of contract arose from the administration of benefits under an ERISA plan, such causes of action were preempted by ERISA); *Van Natta v. Sara Lee Corp.*, 439 F. Supp. 2d 911 (N.D. Iowa 2006) (detailed analysis of ERISA preemption in context of lawsuit challenging denial of coverage of health care benefits under ERISA-regulated employee benefit plan; plaintiff's state-law claims were "precisely the kinds of claims that the [United States Supreme] Court held to be preempted under [29 U.S.C. § 1132(a)]").

In this case, there is not complete diversity between the parties. However, because Plaintiff's state-law contract claim arises "in an area that has been displaced by ERISA," as discussed above, federal question jurisdiction exists, and this case was properly removed to this court. *Hull*, 188 F.3d at 942 (explaining that "complete preemption" provides that when Congress displaces a plaintiff's state-law claim, "a plaintiff's attempt to utilize the displaced state law is properly recharacterized as a complaint arising under federal law") (internal quotation & citation omitted). *See also Pilot Life*, 481 U.S. at 56 (Congress made clear "its intention that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by [29 U.S.C. § 1132(a)]"); *Van Natta*, 439 F. Supp. 2d at 938 (when complaint raises state causes of action that

4

are completely preempted under 29 U.S.C. § 1132(a), district court may exercise removal jurisdiction because claims present federal question "based on Congress's decision to so completely preempt this particular area").

### *Failure to Exhaust Administrative Remedies*

The defendant argues that because the plaintiff has not exhausted his administrative remedies, nor alleged such exhaustion on the face of his complaint, his claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

While ERISA itself does not explicitly require plan participants to exhaust contractual remedies before bringing suit, "in this circuit, benefit claimants must exhaust the benefits appeal procedure before bringing claims for wrongful denial to court. Indeed, where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Midgett v. Washington Group Int'l Long Term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009) (internal citations, quotations & brackets omitted). *See also Brown v. J.B. Hunt Transport Servs., Inc.*, No. 08-3803, 2009 WL 3818374, at *4 (8th Cir. Nov. 17, 2009); *Burds v. Union Pacific Corp.*, 223 F.3d 814, 817 (8th Cir. 2000); *Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998); *Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 68 (8th Cir. 1997).

This "judicially created exhaustion requirement" allows employers, and their ERISA-governed plans, to gather full information about a benefits claim, to make a complete record, and make a well-reasoned decision. The requirement also benefits reviewing courts "because it gives them a factual predicate upon which to proceed." *Brown*, 2009 WL 3818374, at *4 (internal quotation & citation omitted). However, the exhaustion requirement is not absolute. Plan participants are not required to exhaust their administrative remedies when an ERISA plan fails to provide the notice

5

and review required by 29 U.S.C. § 1133[3] or when exhausting such remedies would be futile—that is, "there is doubt about whether the agency could grant effective relief." *Id.*; *Midgett*, 561 F.3d at 898 (internal quotation & citation omitted).

The Store Kraft plan at issue in this case expressly requires that if benefits are denied, the denial must be appealed—first to the claims administrator and then to the plan administrator—before legal action is brought. (Filing 9-4, at CM/ECF pp. 53-57, 78.) Plaintiff has not alleged in his complaint that he successfully filed a claim for coverage for his May 2009 hospitalization and surgery, that such a claim was denied, and that he pursued appeals with the claims administrator and plan administrator before bringing this legal action. Rather, he alleges that "when making a claim for benefits," he discovered his health insurance policy had been cancelled. (Filing 1-2 ¶ 6.) Plaintiff then filed a lawsuit.

While it may be that Store Kraft failed to provide proper notice and review under 29 U.S.C. § 1133 or the plaintiff's attempt to pursue a claim would have been futile because the policy had been cancelled without notice, the plaintiff has failed to so allege in his complaint. Therefore, the plaintiff's claim for relief is barred under settled Eighth Circuit law.

---

[3]29 U.S.C. § 1133 requires that every employee benefit plan must:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

6

However, before dismissing this matter to allow the plaintiff to exhaust his administrative remedies, I shall grant the plaintiff an opportunity to amend his complaint and submit evidence[4] to cure the deficiencies discussed in this memorandum and order, in the absence of which this matter shall be dismissed without prejudice.

Accordingly,

IT IS ORDERED:

1.  On or before December 7, 2009, Plaintiff shall file an amended complaint and evidence establishing either (a) that he has exhausted his administrative remedies pursuant to the terms of the ERISA-governed Store Kraft benefit plan, or (b) that he has a legally sufficient reason for failing to do so;

2.  The defendant's motion to dismiss (filing [7](#)) is granted to the extent that Plaintiff must file an amended complaint and submit evidence as directed in the previous paragraph, in the absence of which this matter shall be dismissed without prejudice. The motion is otherwise denied.

---

[4] Because the defendant has launched both a "facial" and "factual" attack against Plaintiff's complaint regarding this court's jurisdiction over this case, Plaintiff's counsel should recall Plaintiff's burden of proof to establish that jurisdiction does in fact exist. *Osborn v. United States*, 918 F.2d 724, 729 n.6 & 730 (8th Cir. 1990) (in a Rule 12(b)(1) "facial attack," court limits itself to consideration of face of the pleadings, whereas court considers matters outside pleadings in a Rule 12(b)(1) "factual attack"; because issue in factual 12(b)(1) motion is court's power to hear case, court is free to weigh evidence and satisfy itself that jurisdiction exists; "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist").

DATED this 23rd day of November, 2009.

                                          BY THE COURT:
                                          *Richard G. Kopf*
                                          United States District Judge

---

     *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.